# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HUMBERTO BUCIO DELGADO,<br><br>Defendant. | CASE NO. 1:14-CR-00271 LJO-SKO<br><br>MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)<br><br>(ECF No. 99) |

Defendant moves for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) ("§ 3582"), in accordance with § 1B1.10(b)(1) of the United States Sentencing Guidelines ("USSG" or "Sentencing Guidelines") and Amendment 782[1] to the USSG. (ECF No. 253.) The Government filed an opposition to Defendant's § 3582 motion. (ECF No. 254.) Defendant filed a reply. (ECF No. 105.) Upon a thorough review of the parties' briefing, the record in the case, including the Probation Office's Presentence Investigation Report ("PSR"), and the relevant law, the Court DENIES Defendant's § 3582 motion.

---

[1] Amendment 782 revised the Drug Quantity Table in USSG § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses. *See* USSG, sup. App'x C, amend. 782 (2014) ("Amendment 782").

## I. BACKGROUND

On June 8, 2016, Defendant was convicted following a two day jury trial of one count of conspiracy to distribute and possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). (ECF Nos. 57 (Verdict Form); 67 (PSR).)

According to the PSR, Defendant's base offense level was set at 38 pursuant to USSG § 2D1.1(c) because the offense involved more than 4.5 kilograms of actual methamphetamine. (PSR ¶¶ 14-22.) His criminal history category was determined to be III. (PSR ¶ 29). The PSR, which cited the 2015 Guidelines manual (incorporating all Guideline amendments), found that the Guidelines range for a defendant with an offense level of 38 and a criminal history category III was 292 to 365 months imprisonment. (*Id.* at 13.) The PSR recommended that the Court sentence Defendant to 292 months imprisonment, the bottom of the Guidelines range. (*Id.*)

On August 29, 2016, this Court sentenced Defendant to 292 months imprisonment. (ECF Nos. 73, 75.)

## II. STANDARD OF DECISION

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting § 3582(c)). However, a federal sentencing court is authorized to modify an imposed sentence when the relevant sentencing range was lowered subsequent to a defendant's original sentence. § 3582(c)(2); *see United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013) (a district court may do so "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. *See* Amendment 782. The Commission also voted to make the Amendment retroactively applicable to previously sentenced defendants. *See* USSG, sup. App'x C, amend. 788 (2014); *United States v. Navarro*, 800 F.3d 1104, 1107 (9th Cir. 2015).

Determining whether a sentence reduction is appropriate under § 3582(c)(2) "requires a two-step inquiry." *Dunn*, 728 F.3d at 1155. At step one, "a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in USSG § 1B1.10." *Id.* That policy statement enumerates a list of amendments to the Guidelines which have lowered the sentencing ranges for certain offenses. *See* USSG § 1B1.10(d). In the event that one of the enumerated amendments has lowered a guideline range applicable to a defendant, the district court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time the defendant was sentenced." USSG § 1B1.10(b)(1).

If the answer to step one is that the defendant is eligible for a reduced sentence, the district court turns to step two of the inquiry, where the court "must consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dunn*, 728 F.3d at 1155 (internal quotation marks and citation omitted). The § 3553(a) factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *Id.* at 1158 (internal quotation marks and citation omitted).

### III. DISCUSSION

By his motion, Defendant requests that the Court reduce his sentence pursuant to Amendment 782. (ECF No. 99.) In its opposition, the Government points out that the PSR used in Defendant's sentencing incorporated the 2015 Guidelines manual, and that Defendant's Guidelines range was therefore calculated pursuant to the amended Guidelines. (ECF No. 102.)

This Court sentenced Defendant on August 29, 2016. (ECF Nos. 73, 75.) Defendant's PSR, filed with the Court on August 8, 2016, clearly states that it used the 2015 Sentencing Guidelines Manual, and incorporated all Guideline amendments, to determine Defendant's offense level. (PSR ¶ 12.) Amendment 782 became effective on November 1, 2014. USSG § 1B1.10(d)

(2014). Therefore, Defendant already received the benefit of Amendment 782 at the time of his sentencing. Defendant is not eligible for a reduction in his sentence.

Based on the foregoing, the Court finds that Defendant is not eligible for a sentence reduction under § 3582(c) because he was sentenced pursuant to the amended Guidelines. *See id.* As Defendant is not eligible for a sentence reduction, the Court may not proceed to the second half of the two-part inquiry set forth in *Dillon*. *See Dunn*, 728 F.3d at 1155.

### IV. <u>CONCLUSION AND ORDER</u>

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant Humberto Bucio Delgado's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED**.

IT IS SO ORDERED.

Dated: **April 2, 2018**           **/s/ Lawrence J. O'Neill**
                                   UNITED STATES CHIEF DISTRICT JUDGE