# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | 1:14-cr-00271-LJO-SKO-3 |
| Plaintiff-Respondent, | **ORDER CONCERNING MOTION FOR EVIDENTIARY HEARING** |
| v. | (ECF No. 132) |
| **HUMBERTO BUCIO DELGADO,** | |
| Defendant-Petitioner. | |

## I. INTRODUCTION

Before the Court is petitioner Humberto Bucio Delgado's ("Petitioner") Motion for Evidentiary Hearing ("motion"), filed September 10, 2019, requesting an evidentiary hearing in relation to his habeas petition brought under 28 U.S.C. § 2255 ("§ 2255 motion," "petition"). For the reasons discussed below, and a finding of waiver of attorney-client privilege already having been made insofar as it relates to Petitioner's § 2255 motion, ECF No. 117, the Court ORDERS the Government to file a declaration from Deborah Cordi-Weaver, as interpreter-agent of Petitioner's trial counsel, John F. Garland, Esq., on the matters alleged in Petitioner's motion, or to file a statement explaining why such declaration cannot be obtained or would be fruitless.

## II. BACKGROUND

Petitioner was sentenced to 292 months' incarceration on August 19, 2016, after being found guilty of conspiracy to distribute methamphetamine and possession with intent to distribute methamphetamine following a jury trial. ECF Nos. 57, 75. On March 18, 2019, Petitioner, proceeding *pro se*, filed a § 2255

motion to vacate, set aside, or correct his sentence, raising Sixth Amendment claims of ineffective assistance of trial counsel ("IAC"). *See* ECF No. 112. Specifically, Petitioner alleges that trial counsel was deficient (1) in failing to challenge a search and seizure warrant on Fourth Amendment grounds, and (2) for the manner in which he conducted plea negotiations and conveyed that information to Petitioner. *Id*. The Government filed its opposition to Petitioner's motion on July 29, 2019. ECF No. 128. Petitioner replied on September 10, 2019, and included with his reply a motion requesting an evidentiary hearing. ECF No. 132.

### III. LAW

"When a district court reviews a § 2255 habeas motion, '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall … grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.'" *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2010) (quoting 28 U.S.C. § 2255). "Where a section 2255 motion is based on alleged occurrences outside the record, no hearing is required if the allegations, viewed against the record, either fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *Shah v. United States*, 878 F.2d 1156, 1158 (9th Cir. 1989) (internal citations and quotations omitted). A hearing need not be conducted if "the issue of credibility can be conclusively decided on the basis of documentary testimony and evidence in the record." *Id.* Thus, an evidentiary hearing is only required if: (1) the prisoner "allege[s] specific facts which, if true, would entitle him to relief; and (2) the petition, files and record of the case cannot conclusively show that he is entitled to no relief." *United States v. Howard*, 381 F.3d 873, 877 (9th Cir. 2004). Ultimately, "[s]ection 2255 requires only that the district court give a claim careful consideration and plenary processing, including full opportunity for presentation of the relevant facts." *Shah*, 878 F.2d at 1159 (internal citations and quotations omitted).

### IV. ANALYSIS

Petitioner has requested an evidentiary hearing on both allegations of ineffective assistance of

2

counsel contained in his petition. ECF No. 132. The Government opposes holding an evidentiary hearing on the grounds that Petitioner lacks credibility. ECF No. 128 at 16. The Government concedes that an evidentiary hearing is ordinarily triggered by conflicting sworn statements from a defendant and the defendant's trial counsel if the defendant's version of events would entitle him or her to relief. *Id*. Here, however, the Government argues that Petitioner testified falsely under oath and continued to deny culpability at sentencing. *Id*. Thus, according to the Government, the Court need not credit Petitioner's assertions, which are alleged to be largely conclusory in nature. *Id*.

The Court concludes that ordering an evidentiary hearing at this juncture would be premature. The Government is correct that the Court noted more than once at Petitioner's sentencing that Petitioner had perjured himself at trial. ECF No. 128-1 at Ex. B. Still, it cannot be the case that a defendant, once dishonest at trial, is precluded from meaningful review of his or her conviction, on direct appeal or collaterally, because of the prior perjury.

Here, as it relates to the IAC allegation concerning trial counsel's alleged deficiencies in communicating with Petitioner regarding plea negotiations, Petitioner requests that trial counsel's interpreter used to communicate with Petitioner, Deborah Cordis-Weaver, be summoned to testify at an evidentiary hearing. ECF No. 132. Petitioner is correct that Cordis-Weaver, as trial counsel's agent, may provide a declaration or other evidence under this Court's previous order finding waiver of the attorney-client privilege to the extent it relates to the claims in Petitioner's § 2255 motion. ECF Nos. 117, 132. It is possible, however, that Cordis-Weaver is no longer available or has no independent recollection of the conversations for which she interpreted (as identified by trial counsel), in which case her declaration would shed no light on the matters alleged. On the other hand, if Cordis-Weaver is available and recollects the conversations she interpreted, or if she has notes or other materials that might refresh her recollection, then her declaration would assist the Court in deciding both whether an evidentiary hearing is required and the merit of the underlying matter alleged. Accordingly, the Court orders the Government to obtain the declaration of Cordis-Weaver, consistent with this order and the Court's

previous order finding waiver of attorney-client privilege, ECF No. 117, or in the alterative, the Court order the Government to file a statement explaining why such declaration cannot be obtained or would be fruitless.

As it relates to Petitioner's IAC claim concerning trial counsel's alleged deficiency in failing to contest a search and seizure warrant on Fourth Amendment grounds, no evidentiary hearing is necessary. The Court finds that allegation suitable for decision on the papers pursuant to Local Rule 230(g) and the relevant law outlined in § III, above.

## V. CONCLUSION AND ORDER

For the reasons discussed above, **IT IS HEREBY ORDERED** that:

1. It is premature for the Court to decide whether an evidentiary hearing is required in relation to Petitioner's IAC allegation that his trial counsel was deficient in plea negotiations and communicating plea information to him;
2. No evidentiary hearing is required in relation to Petitioner's IAC allegation that his trial counsel was deficient when he failed to contest a search and seizure warrant under the Fourth Amendment;
3. The Government, within **60 days**, shall file with the Court either the declaration of Deborah Cordis-Weaver, as outlined above and consistent with this order, or a statement why the declaration cannot be obtained or would be fruitless; and
4. Upon the Government's filing of either the declaration or a statement, Petitioner shall have **60 days** to respond.

IT IS SO ORDERED.

    Dated:   **October 9, 2019**           /s/ Lawrence J. O'Neill
                                                     UNITED STATES CHIEF DISTRICT JUDGE