UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:14-cr-271-NONE |
| Plaintiff, | ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT A SENTENCE UNDER 28 U.S.C. § 2255 |
| v. | |
| NUNO SANTANA, ET AL., | (Doc. 112) |
| Defendants. | |

**INTRODUCTION**

Inmate Humberto Bucio Delgado ("Movant") moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 ("§ 2255"). (Doc. 112.) The government submitted an opposition, and Movant filed his reply thereto. (Docs. 128, 132.) For the reasons explained below, Movant's motion will be denied.

**BACKGROUND**

On December 18, 2014, Movant was charged with conspiring to distribute methamphetamine and possessing methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 846, 841(a)(1). (Doc. 5.) He pleaded not guilty, proceeded with trial, and was convicted of both charges. (Docs. 54, 57.) With an applicable offense level of 38 and a criminal history category III, Movant's guideline range was between 292 and 365 months. (Doc. 67, Presentence Report "PSR" at 4.) Judge Lawrence O'Neill then sentenced Movant to 292 months

of incarceration on each count, to be served concurrently.  (Doc. 75.)

After unsuccessfully petitioning the Ninth Circuit to reconsider his sentence, *United States v. Delgado*, 702 F. App'x 626 (9th Cir. 2017), Movant submitted this instant motion under § 2255.  (Doc. 112.)  In this motion, Movant alleges that he received ineffective assistance of counsel ("IAC") because his attorney John Garland (1) failed to challenge the search of the property where Movant was found with methamphetamine and (2) misrepresented Movant's plea options during the plea negotiation process.  (Doc. 112 at 8–9.)  The government opposes the motion.  (Doc. 128.)

## LEGAL STANDARD

A federal prisoner making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence pursuant to § 2255, filed in the court which imposed sentence. *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988).  A § 2255 motion entitles a federal prisoner to relief "[i]f the court finds that . . . there has been . . .a denial or infringement of the constitutional rights of the prisoner . . . ." 28 U.S.C. § 2255(b).

Generally, only a narrow range of claims fall within the scope of § 2255. *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981).  To warrant relief, a movant must demonstrate the existence of an error of constitutional magnitude that had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *See Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that *Brecht*'s harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254.").  The alleged error of law must be "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

As a *pro se* litigant, the movant's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007).  However, the requirement of liberal construction does not mean that the court can ignore an obvious failure to allege facts that set forth a cognizable claim.  "Conclusory

allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994); *see also Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989) (stating "vague and conclusory" allegations in a § 2255 motion do not support relief); *Gustave v. United States*, 627 F.2d 901, 904 (9th Cir. 1980) ("We also concur in the dismissal of the allegations concerning the photographic array shown to some witnesses as vague, conclusory and without any facts alleged in support of the claim."); *Neighbors v. United States*, 457 F.2d 795, 795 (9th Cir. 1972) (affirming denial of § 2255 motion where allegations regarding ineffective assistance of counsel were entirely conclusory and without support in the record).

## ANALYSIS

Movant claims that he received ineffective assistance because his attorney: (1) did not move to suppress evidence used against Movant and (2) misrepresented the government's plea offer, which Movant claims he would have taken but for the misrepresentation. (Doc. 112 at 8–9.)

To establish that Attorney Garland provided ineffective assistance, Movant must show that Garland's performance was both deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Counsel's performance is deficient where it falls "below an objective standard of reasonableness." *Stanley v. Cullen*, 633 F.3d 852, 862 (9th Cir. 2011). Given the "distorting effects of hindsight" in evaluating an IAC claim, courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. To satisfy the prejudice prong, Movant must show a reasonable probability that the result of the proceeding would have been different absent counsel's unprofessional errors. *Saesee v. McDonald*, 725 F.3d 1045, 1048 (9th Cir. 2013) (citing *Strickland*, 466 U.S. at 694.)

**A.  Failure to Suppress Evidence**

Movant was arrested on September 30, 2014 after authorities found him in a home with a large-scale methamphetamine recovery laboratory in Fresno County. (Doc. 128 at 5.) Authorities searched the home after California Highway Patrol investigators observed a stolen

1 vehicle on the property and obtained a search warrant.[1]  The vehicle was observed on two
2 occasions approximately one week before Movant's arrest.  (*Id*.)  Movant argues that the first
3 observation violated the Fourth Amendment.

4     The first investigator located the vehicle parked behind the home and was able to see the
5 vehicle's license plate.  The investigator conducted a search with the license plate number and
6 learned that the vehicle had been reported stolen.  (*Id*. at 9.)  There are no records indicating
7 where this investigator was located when he first observed the vehicle, and he did not testify at
8 trial.  Another investigator returned to the house the following day, via a common access dirt road
9 adjacent to the property.  (*Id*. at 13–14.)  The second investigator confirmed that the vehicle was
10 still parked behind the home, and though he could not see the license plate from his vantage point
11 on the common access road, the vehicle matched the first investigator's description of the stolen
12 vehicle.  (*Id*.)

13     Movant contends that the only way the first investigator could have seen the vehicle's
14 license plate was to impermissibly enter onto the curtilage of the property.  (Doc. 112 at 3, 13.)
15 Movant thus argues that the search warrant justified by the stolen vehicle was invalid, and the
16 search's fruits may be suppressed.  Movant accuses Garland of IAC for not challenging the
17 warrant and for not moving to suppress evidence obtained during the subsequent search.  (*Id*. at
18 13.)

19     Movant fails to compellingly establish both the deficient performance and prejudice
20 prongs of IAC with respect to this claim.  First, the record makes clear that Garland examined the
21 warrants and appropriate case law and concluded that a motion to suppress would have no merit.
22 (Doc. 128-2, Garland Declaration, at ¶¶ 5, 16.)  Such "strategic choices made after thorough
23 investigation of law and facts relevant to plausible options are virtually unchallengeable."
24 *Strickland*, 466 U.S. at 90.

25     Second, Garland's decision not to pursue the suppression motion is bolstered by the

---

[1] Movant possessed the keys to this stolen vehicle when he was arrested, and he later pled "no contest" in Fresno County for unlawfully driving or taking this vehicle in violation of California Vehicle Code § 10851(a).

weakness of Movant's Fourth Amendment claims. Because Movant's IAC claim is underpinned by an alleged Fourth Amendment violation, Movant can only show prejudice if his Fourth Amendment claim is meritorious. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986); *see Strickland*, 466 U.S. at 694.

Movant is correct that if the first investigator entered onto the home's curtilage to observe the vehicle's license plate, the search may have been unreasonable. *See Oliver v. United States*, 466 U.S. 17, 176–77 (1984). However, Movant has only *speculated*—with no supporting evidence—that law enforcement entered onto the curtilage. Movant argues that the first investigator could not have seen the vehicle's license plate from the common access road because the second investigator was unable to do so; therefore, the first investigator must have exited the common access road and entered onto the property's curtilage to retrieve the vehicle's license plate number. Movant's argument could only be sound if the vehicle was not moved between the sightings in such a way that that the license plate was visible on day one and not on day two. Movant provides no support for this proposition. Movant cannot assert that he has personal knowledge of the vehicle's movements (or lack thereof), because he testified that he was not present on the property at the time of the vehicle sightings. (Doc. 82 at 412:25–413:14.)

Movant explains his lack of supporting evidence by accusing the government of impermissibly withholding evidence regarding the vantage point from which the first investigator saw the vehicle's license plate. Movant, again, provides no corroboration for this theory. (Doc. 132 at 44.) Movant lastly contends that Garland's failure to investigate the exact location from which the first investigator observed the vehicle's license plate also constitutes IAC. But counsel's decision not to investigate must be given a "heavy measure of deference." *Strickland*, 466 U.S. at 691. The Court sees nothing suggesting that Garland lacked diligence and sound judgment in evaluating the search warrant's validity. Thus, Movant has failed to show that Garland's failure to seek suppression of the warrant's findings constituted deficient representation or prejudiced Movant. Movant's IAC claim regarding the suppression of the search warrant therefore fails.

///

**B.     Plea Negotiations**

Movant next asserts that he received IAC because Garland misrepresented the government's plea offer. (Doc. 112 at 6–7.) When authorities searched the methamphetamine lab on September 30, they found a firearm in one of the bedrooms. (Doc. 128 at 4.) Movant claims that Attorney Garland presented a "15 year plea agreement" offer from the government that required Movant to admit "ownership" of the weapon. (Doc. 112 at 6.) Movant asserted that the weapon was not his, but Garland urged him to plea to the possession because "if the police were saying that the gun was [his] then the gun was [his]." (*Id.*)[2] Movant states that he would have accepted the 15-year plea deal instead of going to trial if it did not require admitting to the firearm possession. (Doc. 112 at 9.)

Garland strongly contests the allegation that he made such inflammatory and unprofessional statements in his sworn declaration. (Doc. 128-2.) Spanish-English interpreter Deborah Cordis-Weaver, through whom Garland exclusively communicated with Movant confirms in a sworn declaration that she has no memory of Garland ever making these statements. (Doc. 134 at ¶ 10.) Interpreter Cordis-Weaver also recalls that Movant was consistently "uncooperative, verbally aggressive, and argumentative . . . so occupied with arguing with us that he didn't pay attention to what Mr. Garland was telling him." (Doc. 134 at ¶¶ 2, 4, 7.) Further, Movant admits in his filings that he is not "the most credible person" and that "this Honorable Court did in fact call him a liar at the sentencing proceeding." (Doc. 132 at 23) (citing Doc. 128-1, Sentencing Transcript, at 7.) This Court is therefore not convinced that Movant's allegations regarding Garland's statements are true. Even if they were true, Movant has not demonstrated that he was prejudiced.

"To show prejudice from ineffective assistance of counsel where a plea offer has . . . been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability that they would have accepted the earlier plea offer had they been afforded effective

---

[2] Movant additionally accuses Garland of making several other shocking statements, including that "the simple truth did not mean anything"; that Attorney Garland "was not going to say anything against the government and it's case" because "if the feds say you are guilty I am not going to go against that." (Doc. 112 at 7.)

6

assistance of counsel." *Missouri v. Frye*, 566 U.S. 134 at 147.  Importantly, Movant *could not* have accepted the "15 year plea agreement" offer from the government because the government made no such offer.  (Doc. 128-1 at 3, AUSA Kathleen Servatius Declaration.)  This is, in part, because Movant consistently refused to consider pleading guilty.  After calculating Movant's likely sentence if he was convicted at trial (188 to 235 months)[3], Garland asked repeatedly if Movant would be interested in a plea agreement.  (Doc. 128-2 at 5, ¶¶ 5, 8, 12, 13.)  Movant rejected the idea of a plea on the grounds that he had not participated in the methamphetamine processing taking place at the house where Movant was arrested.  (*Id*. at ¶¶ 5, 6, 8, 12, 13).  Even after Assistant U.S. Attorney Kathleen Servatius confirmed that the firearm possession would not be included in calculating Movant's criminal history points, (Doc. 128-2 at 13), Movant refused to consider a plea.  (*Id*. at ¶¶ 12, 13.)  Movant continued to assert his total innocence before and during trial, despite admitting his involvement with the meth operation in his post-arrest interview with authorities.  (Doc. 112 at 4; Doc. 128 at 4; Doc. 134 at ¶ 2.)  These facts belie Movant's claim that he would have accepted a plea offer were it not for Attorney Garland's alleged misrepresentations.  Movant's IAC claim regarding the plea negotiations therefore fails for Movant's failure to demonstrate prejudice.

**C.    Evidentiary Hearing**

A district court requires that a district court must grant an evidentiary hearing in § 2255 cases "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]"  28 U.S.C. § 2255(b).  While conflicting sworn statements from a defendant and his trial attorney ordinarily trigger an evidentiary hearing where the defendant's version of the facts would entitle him to relief, "the court may appraise a [§ 2255] petition by what is reasonably credible."  *Cassidy v. United States*, 457 F.2d 813 (9th Cir. 1972) (per curiam).  As discussed above, Movant's claims are not "reasonably credible."  More important, the evidence from the US Attorney, makes clear that no "15-year plea" offer was made.  Consequently, no evidentiary hearing is warranted in this case.

/////

---

[3] These calculations did not include a firearm enhancement.  (Doc. 128-2 at ¶ 5.)

7

**CONCLUSION**

For the reasons stated above, movant Humberto Bucio Delgado's § 2255 motion (Doc. No. 112) is DENIED with respect to all claims alleged.

IT IS SO ORDERED.

Dated: __**January 18, 2022**__

UNITED STATES DISTRICT JUDGE